Yes, Mr. Locke. Good morning, Your Honors. The record on appeal reflects that Judge Honeywell did not enter into order reassigning the case to Judge Mendoza. The record on appeal reflects that Judge Honeywell did not enter into an endorsed order reassigning the case to Judge Mendoza. Therefore what? I'm sorry, Your Honor? Therefore what? Judge Mendoza did not have jurisdiction over the underlying proceeding. Every judge on that court has jurisdiction over every case filed in that court. While I recognize that jurisdiction lies with the court rather than the judge, in the Brown case, Circuit Judge Jones points out that when a case is pending before a particular judge, such judge is said to have exclusive jurisdiction. And Circuit Judge Jones went on to say that in that particular case, the case had been assigned to District Judge Mize and that because the second judge had gotten involved in the case and that there were no orders demonstrating that the first judge had asked the judge to intervene or to take a role in the case, that the second judge's orders would have been vacated on the grounds that the judge did not have jurisdiction. Local Rule 103 of the Middle District says the judge to whom any case is assigned may at any time reassign the case to any other consenting judge for any limited purposes or for all further purposes.  Your Honor, and our argument here is that Judge Honeywell, the record does not reflect what Judge Honeywell ever reassigned. Why doesn't the fact that another judge started handling the case reflect that? There's nothing that says by written order in that rule. When you look at the Middle District, and in fact I believe I cited it in my initial brief, but there are cases where I searched for instances concerning reassignments. And in every one of those cases, every case, there was an order or an endorsed order reassigning the case. All right, now what's wrong with that logically? I found 30 instances in which there was an order of reassignment. How many did you find in which there was no order of reassignment? None. How do you know? I searched all your items. By definition, if there was no, you search for orders, and by definition, if there was no order, you don't know that there was no order. Your Honor, what I searched for were cases that involved reassignments in the Middle District. So I didn't search specifically for orders. And in fact, even when the issue came, it wasn't that I actually searched for an order. In reviewing the record, trying to understand why the case, identifying issues for appeal, that was when I realized that there were no order. I inquired, I guess expecting a standing order or some sort of explanation. It was only when I learned that there was nothing in the record to suggest that the case had been transferred by Judge Honeywell to Judge Mendoza that raised the concern or the question concerning the judge's jurisdiction. And in fact, on this particular point, even in the Brown case, which is an old Fifth Circuit case, even the majority opinion deals with the issue of there's not a problem for a second judge to get involved in the case because, as the court pointed out, every judge is a judge in that district. But that case also points out a concern about the first judge asking the second judge to intervene. But that's a completely different scenario, the Brown case that you're talking about. It was assigned to one judge. There's no indication that that judge had given up that assignment and the other judge was reaching in. And also, the use of the term jurisdiction comes into the concurring opinion. And I looked at this, and whether one judge has jurisdiction, it struck me as sort of a casual term and as a way of describing the second judge reaching into a case. But that's not what we have here. You're looking for an order. There's no requirement in the local rule that the chief just read that there actually is an order. But there's no indication in the record here that either of the judges has objected to this transfer. So why are you making an assumption that an order was required and that such order is missing? Well, I guess to address the second question, why such an order is missing, that's information. There is no order. That you're aware of. That I'm aware of. So what does that matter? Well, if the idea is to follow the idea of rules and precedent, then it seems like if cases can be randomly reassigned, I believe it impacts an issue bigger than this case, but an overall perception of transparency and fairness of the courts. Now, I can't say that there was any malicious reason for a reassignment. That's not my argument. The argument that I have here is that there is nothing in the record to state, suggest, or imply that Judge Honeywell relinquished jurisdiction over to Judge Mendoza. There's a docket entry reflecting that that happened. So there's the transparency that the transfer has been noted. Are you looking for a reason for the transfer? No, Your Honor. But the transfer has been noted. You are aware of the transfer. It was noted in the docket. So where's the lack of transparency? It was noted in the docket by the clerk's office. Not that it was done by the first judge, in this case, Judge Honeywell. The clerk's office notes most things in the dockets. Excuse me, Your Honor? The clerk's office notes most of the things that are noted in the docket. We used to have judges writing them by hand in the docket. That's not so much the practice anymore. Agreed. Agreed. But again, looking at the practices within the Middle District, in cases involving a reassignment, in the vast majority of cases, there were actually orders written from the first judge reassigning the case to the second judge. In fact, even in this case, Judge Honeywell was not the first judge in this case. The first judge in this case was Judge Scrivens. But you understand that in cases throughout the federal and state court system, sometimes there are multiple transfers during the course of litigation, which can go on for years. I do understand that, Your Honor. And again, I'm not stating or suggesting that the case could not be reassigned. Local Rule 1.03 says that a sitting judge or presiding judge can reassign a portion of a case or the entire case to a second judge, provided the second judge concurs. So my argument is that the case could not be reassigned. That's not the argument. Instead, the argument is that it appears that the reassignment occurred in a manner that was inconsistent with 28 U.S.C. Section 137 and Local Rule 1.03. And in fact, one of the cases that I provided as a supplemental authority actually addresses this point of reassignments, this is the case of Enrique McBride. It was a Fifth Circuit case from 1997. And in that case, it dealt with a district judge petitioning the Circuit Court for Ritterman-Damas concerning the chief judge. He was the chief judge of the Northern District of Texas. And in that case, the chief judge entered orders in two cases that were then being handled by Judge McBride. The chief judge vacated orders entered by Judge McBride and then reassigned the cases from Judge McBride to himself. Judge McBride first petitioned the Judicial Council for a request for assistance concerning a resolution of a dispute, and ultimately filed a petition for mandameness to the Fifth Circuit. And in the Fifth Circuit, it concluded that Judge Buckmeyer exceeded his authority. But there's no evidence of a dispute between these two judges. No, Your Honor. I point to the McBride case for the point concerning the necessity for the consent from the presiding judge, and that the whole idea of being able to reassign cases can, and in many instances will, impact the perception of the courts. And in fact, it's been recognized that the courts, that random case assignments promote fairness and impartiality, and that the manipulation of judicial assignments and reassignments can deprive parties of the right to a fair hearing and give the perception. Did you ever seek to have the second judge recused? If you were concerned about this transfer, and you viewed it, whether it was lack of transparency or just a larger problem with the court system in general, did you ever seek to have the second judge, did you file a motion to recuse? No, Your Honor. First, the timing of which I discovered the issue, but then the second issue was I've been practicing more than 20 years. I've worked in big firms and small firms, and I've worked with people who've clerked for federal judges. And while it's not in any book, it's not in any text, it was always warned not to move to disqualify these federal judges. They get filed all the time. I'm just saying. You're complaining now about the transfer, so I'm asking you, rather than complaining to our court, what steps did you take in the district court to complain? Did you file a motion to recuse? And the answer is no. No, Your Honor. Or reassign. I'm sorry, Your Honor? Or reassign. Right. You're telling us they shouldn't have assigned that. So did you file a motion to reassign the case back to the original judge or to vacate the assignment or to put it in writing or anything? No. So the district court, so far as we know, didn't deny you anything that you asked? Well, the issue of reassignment was, in fact, raised in the lower court, but it wasn't raised—the clerk's office mischaracterized my correspondence to the clerk's office as a motion to disqualify. I didn't want to make such an allegation concerning a wrongful reassignment without knowing, and so I requested information first via FOIA. The clerk's office responded that they didn't have to comply with FOIA, and then I requested information under the common law right of access to judicial records to get information because I didn't want to make such an allegation without having the information. The clerk's office interpreted my second correspondence as a motion to disqualify, and it was only then that Judge Mendoza interpreted it as a motion to disqualify and addressed the whole reassignment issue. So to answer your question, I never raised the issue of reassignment. I was trying to gather information. It wasn't until the clerk's office filed a correspondence and Judge Mendoza ruled on the issue that I raised it here. And then, ultimately, and I guess as noted in the brief, the issue which impacts the jurisdiction can be raised at any time. It wasn't something that I knew would be an issue, but ultimately, here we are, and so I raised that issue. I see that I'm moving my time, Your Honor. All right. Thank you, Mr. Clark. We give you three minutes in reply. Mr. Netcher. Thank you, Your Honor. May it please the Court. My name is Eric Netcher, along with trial counsel Josh Walker. We represent the individual officers in this case. The U.S. Supreme Court has told us that appeals of sanctions orders, given the broad discretion of district judges, are often themselves frivolous, and I think this is no exception. You understand that he's addressed one issue in his opening, and if you confine yourself to addressing that issue, he can't address another issue in rebuttal or reply. But if you go into other issues, he's entitled to do so. That's fine with me. Bring up what you want to. Use your time the way you want to or not, but I just want to make sure you're aware of that. I understand, Your Honor, and with regard to the other issues that were not raised, I would rely on my brief. I do not intend to go into them. With regard to the re-assignment issue, I think it's clear that there's absolutely no merit to it. This action was reassigned in January of 2015 to Judge Mendoza after final judgment had been entered, after final judgment, and so for a period of three and a half years, there is no issue raised with regard to Judge Mendoza's authority in any respect to enter the approximately 16 orders that he entered over that time. If anything shows consent, I'm confident that Judge Mendoza, acting as the judge, and Judge Honeywell never suggesting that there was an issue with it. And I think, and I do want to point out really quickly, and I think it's consistent with some of the misrepresentations we've seen in this case with regard to what authorities say. The N. Ray Brown case is a classic example. I almost wish we had cited it in our initial brief, or our answer brief, because the portions that Mr. Locke is citing, as Judge Branch pointed out, is in the concurring opinion. The majority opinion specifically rejects that view, and they expressly state that jurisdiction is lodged in a court, not in a person. Judge Mendoza is a duly appointed and confirmed judge of the United States District Court for the Middle District of Florida. He had the same power and authority to do what he did in this case as any other judge on the court. And the suggestion that he was biased in any respect is absolutely refuted by a cursory review of the record. I will not go into those things because they will not go into by Mr. Locke. So, we don't see in this case how there is any basis for reversal. Judge Mendoza acted well within his discretion in sanctioning plaintiff's counsel. There was most certainly jurisdiction, and there was no requirement for recusal. Unless the court has any questions of me, I'm happy to rest on the briefs and request that this court affirm. Thank you, counsel. Mr. Bonner, do you have anything to add, or do you want to rest on the same briefs? I will rest on the briefs, Your Honor. Thank you, counsel. Mr. Locke, three minutes. Thank you, Your Honor. Counsel referred to the majority opinion in Brown, and there were a couple points in which the majority opinion and the concurring opinion agreed. First, in the majority opinion, it stated that it saw no reason to consider the second judge's authority and or jurisdiction. So, the majority opinion actually never addressed the point of the second judge's jurisdiction directly. Indirectly, however, it did state, and this is where it's consistent with the concurring opinion in Brown, is that the second judge would have had the power to get involved in the case if the first judge requested the second judge to do so. That's consistent with the concurring opinion, and it's actually even consistent with local rule 1.03. So, you're saying in this case, the second judge wasn't requested by the first judge to take the case? The record does not reflect that, Your Honor. So, we remand and say, put in the record whether or not there was a request made to do that, and if there was, that's the end of this case. If, I guess, if the docket were to change and somehow suggest that the first judge did in fact reassign the case, well, counsel did not search for an issue concerning or questioning the judge's assignment. In reviewing the docket and trying to identify issues for appeal, it was merely a question, and it wasn't until some of the responses I got back that I then did the request asking for information concerning the reassignment. I believe that at this point, the court has to conclude that Judge Mendoza didn't have the jurisdiction, not any fault of his own. How about the fact that Judge Mendoza never questioned that this case had been assigned to him, and that the first judge never questioned that it had been assigned away from him? Is this just a matter of a lack of clarity in the docket entry that the clerk's office in trying to document that this transfer had occurred didn't say per judge's order? Is that the piece that's missing here? No. As far as you're concerned? No. In fact, my argument, I guess, is consistent with what's in Brown. There doesn't, in the Brown case, there was... In Brown, we had one judge who was presiding over the case, and the other judge was reaching in. That's not this case. It was a spat between two judges. This case is spatless so far as we know. Well, no, I don't believe that in the Brown case there was a spat. The issue of the conflict I raised was in the McBride case. I'm sorry. You're right. Okay. You're absolutely right. That was two judges fighting. Okay. In the Brown case, the second judge appeared. The first judge, there were never any issues between those judges, and the court pointed out that there was nothing in the record to state, suggest, or imply that the first judge asked the second judge to get involved. That's consistent with our case. In the Brown case, the court concluded under the same set of facts that, I guess, the majority concluded that the second judge abused her discretion, not even considering the issue of jurisdiction, but the concurring opinion did, in fact, consider the issue of jurisdiction and concluded that the second judge, that his orders should have been vacated because he lacked the jurisdiction to participate in that case. All right. I just misspelled the name of McBride. I was correcting that. Forgive me. All right. We will take that case under submission. Thank you, Counsel. Thank you, Your Honor. All right. We will adjourn.   Thank you for attending.